UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMETT JOHNSON,<br><br>                Petitioner,<br><br>    vs.<br><br>U.S. COURT OF APPEALS FOR THE<br>NINTH CIRCUIT,<br><br>                Respondent. | CASE NO. CV 13-7464 JVS (RZ)<br><br>ORDER TO SHOW CAUSE |

        The Court issues this Order To Show Cause directed to Petitioner because the face of the petition suggests that his challenge to his 1995 conviction may be time-barred. (Petitioner also fails to use this district's required petition form, *see* CIV. L.R. 83-16.1, and to name the proper respondent, namely his prison's warden. The Court need not address those shortcomings at this time, however.)

        In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1).

///

///

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the statute also is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).

Petitioner indicates that he signed the current petition on September 11, 2013. From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a) On April 2, 1995, a Los Angeles County Superior Court jury convicted Petitioner of murder and other crimes. He was sentenced to state prison for life without the possibility of parole. Pet. at 2.

(b) The California Court of Appeal affirmed, and on March 11, 1998, the California Supreme Court denied further direct review. *See* docket in *People v. Gilbert*, No. S066808 (Cal. Supreme Ct.), *available online at* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1798546&doc_no=S066808.

(c) Petitioner does not appear to have sought *certiorari* in the United States Supreme Court. His conviction therefore became final in mid-June of 1998, after the high court's 90-day deadline for seeking *certiorari* expired. *See* SUP. CT. R. 13.1. His one-year limitations period began to run on that date.

(d) Eleven and a half years passed. In December of 2009, Petitioner began a series of four habeas actions in the same intermediate state appellate court that upheld his conviction, which rejected relief in all four cases. The final such rejection occurred on January 30, 2012. *See* dockets in Cal. Ct. Appeal case nos. B221183, B229557, B232890 and B238746.

(e) Nearly nineteen more months passed before Petitioner signed the current habeas petition.

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It became stale

in mid-June of 1999, one year after his conviction became final. Petitioner's commencement of state habeas proceedings thereafter cannot rejuvenate his stale claims. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause in writing why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 30 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED:   October 10, 2013

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE